**Hunter CARRUTH, Appellant,**

v.

**SCI TEXAS FUNERAL SERVICES, INC., Appellee.**

**No. 01–04–00993–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 20, 2006.

Rehearing Overruled July 20, 2006.

Greg Heath, Heath & Associates, Houston, TX, for Appellant.

Steven O. Grubbs, Christopher David Knudsen, Sheehy Serpe & Ware, P.C., Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

The motion for rehearing[1] filed by appellees, SCI Texas Funeral Services, Inc. is denied. This court's opinion and judgment dated April 13, 2006 are withdrawn, and this opinion and judgment are substituted with minor modifications.

Appellant, Hunter Carruth, brought suit against appellee, SCI Texas Funeral Services, Inc. (SCI), for intentional infliction of emotional distress and violations of the Texas Health and Safety Code's provisions on the disposition of remains. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.002 (Vernon 2003) (providing statutory guidelines for the disposition of remains and the duty to inter). In his sole issue on appeal, Carruth contends that the trial court erred in granting SCI's motion for summary

---

1. Appellee's motion for rehearing was styled "Motion to Modify Court's Opinion."

judgment by (1) misinterpreting section 711.002 of the Health and Safety Code; (2) ignoring genuine issues of material fact; and (3) striking parts of Carruth's affidavit that tended to support his response to SCI's summary judgment motion.[2]

We affirm.

## BACKGROUND

Carruth's wife, Barbara P. Jordy Carruth, died on February 27, 2002. Approximately two weeks earlier, on February 10, 2002, Yvonne Alden, Barbara's daughter from a previous marriage, signed a contract with SCI, doing business as Forest Park Westheimer Funeral Home, that prearranged funeral services for Barbara. Alden possessed authority to sign this contract on behalf of Barbara because Barbara appointed Alden as her attorney-in-fact by executing a statutory durable power of attorney on September 24, 2001. On the same date, Barbara executed a Declaration of Guardian in the Event of Later Incapacity naming Alden guardian of her person and estate. The declaration expressly forbade Carruth from acting as guardian of Barbara's person or estate.

On February 27, 2002, the day of Barbara's death, Carruth learned that Barbara's body had been sent to Forest Park for burial. He contacted the funeral home, which, for reasons immaterial to the disposition of this appeal denied receiving Barbara's body or knowing of any burial services for her. Carruth subsequently learned that Forest Park had, in fact, performed Barbara's funeral services pursuant to the contract for prearranged funeral services signed by Alden on February 10, 2002. Carruth filed suit against SCI, alleging intentional infliction of emotional distress and violations of section 711.002 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.002.

 SCI moved for summary judgment, contending that, pursuant to section 711.002(i) of the Health and Safety Code, it could not be held liable for carrying out its contract with Alden because of her representation that she was entitled to dispose of Barbara's remains. *See id.* § 711.002(i). According to section 711.002(i):

> A cemetery organization, a business operating a crematory or columbarium or both, a funeral director or an embalmer, or a funeral establishment ["funeral home"] shall not be liable for carrying out the written directions of a decedent or the directions of any person who represents that the person is entitled to control the disposition of the decedent's remains.

*Id.* The trial court granted SCI's summary judgment motion on June 3, 2004, and this appeal followed.[3]

---

2. In his brief, Carruth states that he is raising three issues on appeal. Because each of his issues relates directly to the propriety of the trial court's decision to grant SCI's motion for summary judgment, we combine his arguments into a three-pronged single issue.

3. Carruth filed his notice of appeal on September 15, 2004, 14 days past the filing deadline. A motion for an extension of time to file may be implied when an appellant files his notice of appeal within 15 days of the filing deadline. *See Verburgt v. Dorner* 959 S.W.2d 615, 617 (Tex.1997). In such cases, however, an appellant must provide the court with a reasonable explanation for his failure to timely file his notice of appeal. *Id.* Carruth's initial filing contained no such explanation. On January 6, 2006, this court gave Carruth until January 26, 2006 to provide a reasonable explanation for his failure to timely file his appeal. We received Carruth's explanation on January 26, 2006, and hereby accept it as reasonable. We therefore conclude that Carruth's notice of appeal was filed in a timely fashion and grant his January 26, 2006 motion to extend time to file notice of appeal.

## DISCUSSION

In his sole issue on appeal, Carruth contends that the trial court erred in granting SCI's motion for summary judgment by (1) misinterpreting section 711.002 of the Health and Safety Code; (2) ignoring genuine issues of material fact; and (3) striking parts of appellant's affidavit that supported his response to SCI's summary judgment motion.

### Standard of Review

Summary judgment is a question of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 220 (Tex.2003). Thus, we review a trial court's summary judgment decision de novo. *Id.* The standard of review for a traditional summary judgment motion is threefold: (1) the movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. TEX.R. CIV. P. 166a(c); *Pustejovsky v. Rapid–Am. Corp.,* 35 S.W.3d 643, 645–46 (Tex. 2000); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant seeking summary judgment must, as a matter of law, negate at least one element of each of the plaintiff's theories of recovery or plead and prove each element of an affirmative defense. *Missouri Pac. R.R. v. Lely Dev. Corp.,* 86 S.W.3d 787, 790 (Tex.App.-Austin 2002, pet. dism'd).

### The Trial Court's Decision to Grant SCI's Summary Judgment Motion

■ SCI's motion for summary judgment relied on section 711.002(i) of the Health and Safety Code. Section 711.002(i) protects funeral homes from liability when they carry out the instructions of "a decedent or … any person who represents that the person is entitled to control the disposition of the decedent's remains." TEX. HEALTH & SAFETY CODE ANN. § 711.002(i). Here, undisputed evidence establishes that Barbara had appointed Alden as her attorney in fact, giving Alden the authority to act in her stead, and that Alden had then executed a contract for prearranged funeral services, providing for the disposition of Barbara's remains. According to SCI, absent a fact issue concerning Alden's representations, summary judgment was proper pursuant to section 711.002(i). Carruth, however, contends that section 711.002(i)'s protections do not apply when a funeral home fails to prioritize instructions for burial services in a manner consistent with section 711.002(a). *Id.* § 711.002(a). He argues that because section 711.002(a) grants preference in controlling a decedent's remains to a surviving spouse relative to surviving adult children, SCI cannot claim immunity under section 711.002(i).

Section 711.002(a) of the Health and Safety Code provides that:

*Unless a decedent has left directions in writing for the disposition of the decedent's remains as provided in Subsection (g), the following persons, in the priority listed, have the right to control the disposition, including cremation, of the decedent's remains, shall inter the remains, and are liable for the reasonable cost of interment:*

(1) the person designated in a written instrument signed by the decedent;

(2) the decedent's surviving spouse;

(3) any one of the decedent's adult children;

(4) either one of the decedent's surviving parents;

(5) any one of the decedent's surviving adult siblings; or

(6) any adult person in the next degree of kinship in the order named by law to inherit the estate of the decedent.

*Id.* (emphasis added). Section 711.002(g) provides, in relevant part, that *"[a] person may provide written directions for the disposition,* including cremation, *of the person's remains in a will, a prepaid funeral contract,* or a written instrument signed and acknowledged by such person." *Id.* at 711.002(g) (emphasis added).

Under section 711.002(a), a decedent can leave written instructions for the disposition of his or her remains pursuant to section 711.002(g). *Id.* Such written instructions, by the plain language of section 711.002(a), take priority over any other person's right to control the disposition of the remains. The durable power of attorney Alden and Barbara signed on September 24, 2001, specifically granted Alden the "[f]ull power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done, as fully, to all intents and purposes, as I [Barbara] might or could do if personally present." Consequently Alden's signing the prepaid funeral contract on February 10, 2002, was the functional equivalent of Barbara herself signing the contract. Thus, Barbara did effectively leave written directions for the disposition of her remains, and therefore, the prioritization in section 711.002(a), which applies only in the absence of such instructions, is inapplicable.

Section 711.002(i) provides that a funeral establishment "shall not be held liable for carrying our the written instructions of a decedent or the directions of any person who represents that the person is entitled to control the disposition of the decedent's remains." *Id.* § 711.002(i). Because in disposing of Barbara's remains, SCI was carrying out the written directions of Barbara herself as expressed by Alden, and SCI was also relying on the directions of Alden as the person entitled to control the disposition of Barbara's remains, SCI is entitled to immunity to Carruth's claims under section 711.002(i). *See id.* § 711.002(i).

Because SCI was entitled as a matter of law to rely on the prepaid funeral contract and Alden's representations regarding the disposition of Barbara's remains, we need not consider Carruth's contentions regarding the trial court's decision to strike portions of his affidavit and the applicability of section 711.002(k).[4]

We overrule Carruth's sole issue on appeal.

## CONCLUSION

We affirm the judgment of the trial court.

---

**4.** We note, however, that Carruth failed to present his section 711.002(k) argument to the trial court, and thus is barred from raising it for the first time on appeal. *See* Tex.R. Civ. P. 166a(c).