June 2, 2009

Mr. Charles G. Cooper
Banking Commissioner
Texas Department of Banking
2601 North Lamar Boulevard
Austin, Texas 78705

Opinion No. GA-0720

Re: Whether an agent under a statutory durable power of attorney may alter the method of disposition of a person's body previously specified by that person in a prepaid funeral contract (RQ-0768-GA)

Dear Commissioner Cooper:

The Texas Department of Banking regulates the sale of prepaid funeral services and merchandise. *See* TEX. FIN. CODE ANN. ch. 154 (Vernon 2006 & Supp. 2008). A contract for prepaid funeral services may provide for the final disposition of an individual's remains. *See id.* § 154.002(13) (Vernon 2006); *see also* Tex. Att'y Gen. Op. No. JC-0279 (2000) at 3–4 (defining "disposition" to include burial, cremation, or other method by which a person's remains attain their final resting place). We are asked to assume for the purposes of our analysis that an individual has purchased and fully paid for a prepaid funeral contract that specifies the method for disposition of his or her remains and the individual has also executed a statutory durable power of attorney under Probate Code, chapter XII, the Durable Power of Attorney Act.[1] TEX. PROB. CODE ANN. § 481 (Vernon 2003). We are to assume that the individual, who purchased the prepaid funeral contract before the durable power of attorney took effect, has become incapacitated. *See* Request Letter at 5–6; *see also* TEX. PROB. CODE ANN. § 490(a) (Vernon 2003) (a durable power of attorney may provide that it is not affected by the principal's subsequent disability or incapacity or that it will become effective upon the principal's disability or incapacity).[2]

The first question is as follows:

1. May the agent under a statutory durable power of attorney change the method of disposition, e.g., from burial to cremation, specified by the purchaser/principal in a prepaid funeral contract?

---

[1]Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov).

[2]We do not address a statutory durable power of attorney that authorizes the agent to make decisions about the disposition of the principal's remains.

Request Letter at 1. Chapter XII of the Probate Code allows a person, the "principal," to authorize an agent or attorney-in-fact to take action with respect to the principal's property and financial matters, claims and litigation, and tax matters. *See* TEX. PROB. CODE ANN. §§ 481–82, 490(a) (Vernon 2003). The principal may also authorize the agent to undertake any action the principal could undertake. *See id.* § 490(a).

The disposition of a person's remains is governed by section 711.002 of the Health and Safety Code, which provides in part:

> (a) Unless a decedent has left directions in writing for the disposition of the decedent's remains as provided in Subsection (g), the following persons, in the priority listed, have the right to control the disposition, including cremation, of the decedent's remains, shall inter the remains, and are liable for the reasonable cost of interment:
>
> > (1) the person designated in a written instrument signed by the decedent;
> >
> > (2) the decedent's surviving spouse;
> >
> > [(3)–(6) certain other relatives of the decedent].
>
> . . . .
>
> (g) A person may provide written directions for the disposition, including cremation, of the person's remains in a will, *a prepaid funeral contract*, or a written instrument signed and acknowledged by such person. . . . The directions may be modified or revoked only by a subsequent writing signed and acknowledged by such person. . . .

TEX. HEALTH & SAFETY CODE ANN. § 711.002(a), (g) (Vernon 2003) (emphasis added). Where the purchaser of a prepaid funeral contract provides directions for the disposition of his or her remains in the prepaid funeral contract, the "person otherwise entitled to control the disposition of a decedent's remains under this section [711.002] shall faithfully carry out the directions of the decedent to the extent that the decedent's estate or the person controlling the disposition are financially able to do so." *Id.* § 711.002(g).[3] Thus, the person otherwise entitled to control the disposition of a decedent's remains has a duty to carry out the decedent's directions for disposition of his or her remains. In addition, section 711.002(g) provides that a person's written directions for the disposition of his or her remains may be modified only by a subsequent writing signed and

---

[3]Because these questions relate to a fully-paid funeral contract, no issue is raised as to financial ability to carry out the decedent's written instructions for disposition of his or her remains. *See* Request Letter at 1.

acknowledged by such person. *See id.* § 711.002(g). Accordingly, a person's written directions for disposition of the person's remains in a prepaid funeral contract will prevail over the preferences of the designee and relatives listed in section 711.002(a), and only the person who prepared such written directions may change them.

The single Texas case addressing section 711.002(g) in connection with a statutory durable power of attorney does not involve an attempt to change the decedent's written directions for disposition of her remains. *See Carruth v. SCI Tex. Funeral Servs., Inc.*, 221 S.W.3d 134 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (agent under a durable power of attorney signed a prepaid funeral contract for the principal, who had not made funeral arrangements). This case states that a decedent's written instructions for disposition of his or her remains pursuant to section 711.002(g), "by the plain language of section 711.002(a), take priority over any other person's right to control the disposition of the remains." *Id.* at 138.

Pursuant to the plain language of section 711.002(g), an individual has the right to control the disposition of his or her remains by providing written directions, which prevail over any other person's right to make that decision. In our opinion, a court would probably hold that a person's directions in a prepaid funeral contract for disposition of his or her remains may not be changed by an agent who holds a statutory durable power of attorney under Probate Code chapter XII.

The second question is as follows:

2.     If the agent under a statutory durable power of attorney cancels a prepaid funeral contract purchased by the principal, does this also cancel the principal's written directive regarding disposition?

Request Letter at 1. We are to assume that the purchaser has not waived his or her right to cancel the contract. *See id.* at 6; *see also* TEX. FIN. CODE ANN. §§ 154.155 (Vernon 2003) (cancellation of prepaid funeral contract), 154.156 (waiver of right to cancel contract). We also assume that the statutory durable power of attorney authorizes the agent to cancel a prepaid funeral contract purchased by the principal. Section 711.002(g) provides that a person's written directions for the disposition of his or her remains "may be modified or revoked only by a subsequent writing signed and acknowledged by such person." TEX. HEALTH & SAFETY CODE ANN. § 711.002(g) (Vernon 2003); *see* Tex. Att'y Gen. Op. No. JC–0279 (2000) at 3 (construing section 711.002(g)). Cancellation of the prepaid funeral contract by the agent under a statutory durable power of attorney is not "a subsequent writing signed and acknowledged by" the person with respect to the disposition of his or her remains. Accordingly, if the agent under a statutory durable power of attorney cancels a prepaid funeral contract purchased by the principal for him or herself, the principal's written directive in the contract regarding disposition of his or her remains is not changed or cancelled. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004) (if the statutory language is unambiguous, we must interpret it according to its terms).

## S U M M A R Y

Where an individual specifies the method of disposition of his or her remains in a fully paid funeral contract of which he or she is the purchaser and beneficiary, the individual's agent under a statutory durable power of attorney may not change the method of disposition. If the agent under a statutory durable power of attorney cancels a prepaid funeral contract purchased by the principal for him or herself, the principal's written directive in the contract regarding disposition of his or her remains is not canceled.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee