# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00441-CV

**Timothy Salazar, Appellant**

**v.**

**Phillips & Luckey Co., Inc. d/b/a Phillips & Luckey Funeral Home, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 33,214, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Timothy Salazar appeals the trial court's summary judgment in favor of appellee Phillips & Luckey, Inc. d/b/a Phillips & Luckey Funeral Home. Salazar sued appellee seeking damages arising from the burial of Salazar's late wife's remains without Salazar's authorization. Appellee filed a motion seeking both no-evidence and traditional summary judgment, and Salazar filed a competing motion for partial summary judgment on liability. Because we conclude that the trial court properly granted appellee's summary judgment motion, we affirm the trial court's judgment.

## BACKGROUND

Salazar and his wife were involved in an automobile accident on October 19, 2007. His wife was pronounced dead at the scene. Salazar was seriously injured and immediately

hospitalized.[1] During his hospitalization, his wife's parents made arrangements with appellee for their daughter's funeral without Salazar's knowledge or consent. The funeral was held on October 23, 2007. Three days later, Salazar was released from the hospital. Shortly before his release from the hospital, Salazar was informed that his wife had died and her body had been buried.

Salazar brought suit against appellee based upon appellee's alleged violation of section 711.002(a) of the Health and Safety Code. *See* Tex. Health & Safety Code § 711.002(a). For purposes of this appeal, section 711.002(a) provides that a surviving spouse has priority over the decedent's surviving parents "to control the disposition . . . of the decedent's remains." *See id*. Salazar contended that appellee violated section 711.002(a) by burying his spouse's remains without his consent and sought damages under theories of negligence, negligence per se, gross negligence, and intentional infliction of emotional distress.[2]

Appellee moved for traditional and no-evidence summary judgment. *See* Tex. R. Civ. P. 166a(c), (i). Appellee sought traditional summary judgment on Salazar's claims involving statutory violations, negligence, and negligence per se. Relying upon section 711.002(i) of the Health and Safety Code, appellee urged that it "properly disposed of [Salazar's wife]'s remains" and was protected from liability because it "buried [Salazar's spouse's] remains at her parents' directions." *See* Tex. Health & Safety Code § 711.002(i) ("A . . . funeral establishment shall not be

---

[1] In his original petition, Salazar states that he was transported from the scene of the accident to a hospital for emergency treatment and that he "suffered serious injuries and was placed in intensive care for approximately two days."

[2] Salazar also sought damages based upon negligent infliction of emotional distress, but he abandoned that theory of recovery before the trial court. *See Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993) (holding "no general duty not to negligently inflict emotional distress").

liable for carrying out . . . the directions of any person who represents that the person is entitled to control the disposition of the decedent's remains.").

As evidence to support its motion, appellee attached an affidavit from its funeral director. The funeral director averred that he was called to the scene of the accident and that a responding peace officer told him that Salazar "had been severely injured in the collision and would probably die." The director further averred in relevant part:

- "Soon after Mrs. Salazar's October 19, 2007, death, I was approached at Phillips & Luckey Funeral Home by Mrs. Salazar's [parents] with regard to making the funeral arrangements."

- The parents told him that "Mr. Salazar was in the hospital in a coma, and still in critical or extremely critical condition."

- He "was told by Mr. Salazar's father at the October 22, 2007, wake that Mr. Salazar was in the hospital in a coma, and still in critical or extremely critical condition."

- He "made funeral arrangements for the burial of Mrs. Salazar's remains at the direction of [her parents]."

Appellee also sought no-evidence summary judgment as to Salazar's claims of gross negligence and intentional infliction of emotional distress.

Salazar filed a response to appellee's summary judgment motion and a competing motion for partial summary judgment on liability. He argued that "he was denied his statutory rights to direct the burial of his spouse by the negligent and/or intentional actions of Defendant" and that appellee was negligent in failing to follow the statutory order of priority. *See* Tex. Health & Safety Code § 711.002(a). He urged that appellee knew that he was alive and "wrongly chose to follow the

3

instructions of [the parents]." He also contended that there were no questions of fact and that appellee "had admitted everything in its responses to written discovery." According to Salazar, the correct procedure under the statute "was to communicate with Timothy Salazar and obtain his instructions for the burial of his spouse." In the event of a dispute, Salazar urges that appellee should have obtained a court order. *See id*. § 711.002(k) ("Any dispute among any persons listed in Subsection (a) concerning their right to control the disposition . . . of a decedent's remains shall be resolved by a court of competent jurisdiction.").

Salazar's evidence included medical records from his hospitalization after the accident, discovery responses by appellee, and an affidavit. In the discovery responses, appellee admitted that it knew Salazar was alive at the time of his wife's funeral and that it did not contact or communicate with Salazar concerning the funeral arrangements. In his affidavit, Salazar averred in relevant part: (i) he was in the hospital after the accident, (ii) he "was not in a coma and was conscious during [his] stay in the hospital," and (iii) just before he was released on October 26, 2007, he "was informed, for the first time, that his wife had died in the accident." As to the funeral and burial of his wife's remains, he averred that his wife's mother "made the arrangements for the services," that she did not ask his permission, that he did not give her permission, and that appellee did not contact him "about the funeral arrangements for my spouse." He also averred about a "previous experience" with appellee that involved a disagreement and that he "would never have allowed my wife to be buried through that funeral home."

4

## ANALYSIS

In three issues, Salazar contends: (i) the trial court erroneously granted appellee's motion for summary judgment, (ii) the trial court erred in denying Salazar's motion for summary judgment on liability, and (iii) the trial court "erred in allowing the funeral home to take away the right granted by the state legislature to Plaintiff to control the disposition of his spouse's remains."

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or must conclusively establish each element of an affirmative defense. Tex. R. Civ. P. 166a(c); *Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex. 2001); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). In a no-evidence motion for summary judgment, the movant, without presenting evidence, seeks summary judgment on the ground that there is no evidence of one or more essential elements of the nonmovant's claim, and the burden shifts to the nonmovant to produce evidence raising a fact issue. Tex. R. Civ. P. 166a(i).

When reviewing a summary judgment, we accept as true evidence in favor of the nonmovant and indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). When "the trial court's order granting summary judgment does not specify the basis for the ruling," as is the case

5

here, we "must affirm the trial court's judgment if any of the theories advanced are meritorious." *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

The parties' dispute also concerns the construction of statutes, which is a question of law we review de novo. *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Of primary concern in construing a statute is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). "We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results." *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)).

**Section 711.002 of the Health and Safety Code**

Salazar's issues, which challenge the trial court's summary judgment in favor of appellee, depend on Salazar's statutory right "to control the disposition" of his spouse's remains under section 711.002(a) of the Health and Safety Code. *See* Tex. Health & Safety Code § 711.002(a). Salazar contends that the trial court erred in granting summary judgment in favor of appellee and that it should have granted summary judgment in his favor on liability because appellee violated his right under section 711.002(a) by "allow[ing] others to make funeral arrangements" when appellee knew that he was alive and that he had the right to direct the disposal of his wife's remains.[3]

_____

[3] One of the exhibits to Salazar's brief is a letter addressed to him from the Texas Funeral Commission Service dated June 15, 2011. The exhibit was not properly included in the record on appeal, and we may not consider it. *See* Tex. R. App. P. 38.1(g) (requiring appellate briefs to contain statement of facts supported by record references); *Save Our Springs Alliance, Inc. v. City of*

Appellee, however, sought traditional summary judgment as to Salazar's claims involving statutory violations, negligence, and negligence per se based upon section 711.002(i). *Id*. § 711.002(i).[4] As previously stated, that subsection provides that a "funeral establishment shall not be liable for carrying out . . . the directions of any person who represents that the person is entitled to control the disposition of the decedent's remains." *Id*. Under the plain language of section 711.002, subsection (i) does not require a funeral establishment to affirmatively investigate the person's representations to it, such as to make sure the person with priority under subsection (a) has consented to the arrangement or to confirm that the person directing the establishment actually has priority under subsection (a). *See Scott*, 309 S.W.3d at 930 (construing "text according to plain and common meaning"); *see also Carruth v. SCI Funeral Servs., Inc*., 221 S.W.3d 134, 138 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (upholding summary judgment in favor of funeral establishment which relied upon directions of person as to disposition of remains and concluding that establishment entitled to immunity under section 711.002(i)). Had the legislature intended to place additional requirements on funeral establishments to limit their liability as provided in subsection (i),

---

*Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (noting that documents that are cited in the brief and attached as appendices may not be considered by appellate courts "if they are not formally included in the record on appeal").

[4] Although Salazar does not address section 711.002(i) in his appellant's brief, he addressed it in his pleadings to the trial court. *See* Tex. Health & Safety Code § 711.002(i). He argued that there was no evidence that the parents "represented" to appellee that they were entitled to control the disposition of their daughter's remains. He has not made that argument on appeal. He also does not address section 711.002(k) in his appellant's brief, the provision addressing disputes between "persons listed" in section 711.002(a). *See id*. § 711.002(k). There was no evidence of a dispute between "persons listed" in section 711.002(a).

it could have said so. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision.").

Salazar presented evidence that he was conscious during his hospitalization, but his actual medical condition does not raise a fact issue to preclude summary judgment for appellee. Salazar does not dispute appellee's evidence that showed that the parents of Salazar's wife approached appellee's funeral director, that the parents, as well as others including Salazar's father, told the funeral director that Salazar was in a coma and in critical condition, and that appellee carried out the funeral arrangements at the parents' direction. Based upon this undisputed evidence and the plain language of section 711.002, we conclude that the evidence conclusively established that appellee was acting at the direction of "person[s] who represented" to appellee that they were "entitled to control the disposition of the decedent's remains." *See* Tex. Health & Safety Code § 711.002(i). Thus, appellee conclusively established its protection from liability under section 711.002(i). *See id.*

We conclude that the trial court did not err in granting traditional summary judgment in favor of appellee as to Salazar's claims involving statutory violations, negligence, and negligence per se. *See* Tex. R. Civ. P. 166a(c).

**Gross Negligence and Intentional Infliction of Emotional Distress**

As to appellee's no-evidence motion for summary judgment, appellee contended that there was no evidence to support Salazar's gross negligence and intentional infliction of emotional distress claims. Salazar failed to address either of these theories of recovery with argument in his

brief. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("In the review of a civil case, an appellate court has no discretion to consider an issue not raised in an appellant's brief." (citation omitted)); *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 502–03 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that general issue statement that trial court erred in granting summary judgment "only sufficient to preserve a complaint if the specific ground challenged on appeal is supported by argument"); *see also* Tex. R. App. P. 38.1 (requisites of appellant's brief). Thus, he has failed to preserve complaint as to the no-evidence summary judgment granted in favor of appellee as to these additional claims. *See Cruikshank*, 138 S.W.3d at 502–03.

## CONCLUSION

For these reasons, we overrule Salazar's issues and affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 21, 2013

9