# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00406-CV

---

**Viet Tran, Individually and A/N/F for B.T.; Nham Vo; Paulina Binh Dang; Huu Maui Tri; Thuy Bich Dang; and James Dang, Appellants**

**v.**

**Affordable Burial and Cremation Services, LLC, and Roberto Falcon, Appellees**

---

### FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-005449, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Viet Tran, individually and as next friend for B.T.; Nham Vo; Paulina Binh Dang; Huu Maui Tri; Thuy Bich Dang; and James Dang (collectively "the Dang Relatives") appeal the trial court's summary judgment in favor of appellees Affordable Burial and Cremation Services, LLC, (Affordable Burial) and Roberto Falcon (Falcon). The Dang Relatives sued Affordable Burial and Falcon seeking damages arising from the disposition of Lien Dang's remains at the direction of David Ritter, a person they alleged was not authorized to provide such direction. Affordable Burial and Falcon filed a motion for summary judgment asserting immunity from liability pursuant to Texas Health and Safety Code section 711.002(i). *See* Tex. Health & Safety Code § 711.002(i) (providing immunity from liability to cemetery organization, business operating crematory, funeral director or embalmer, and funeral establishment for carrying out written directions of decedent or directions of any person who represents that they are entitled to

control disposition of decedent's remains).  The trial court granted Affordable Burial and Falcon's motion for summary judgment.  We will affirm.

## BACKGROUND[1]

Affordable Burial is a crematory, and Falcon is the funeral director and a certified crematory operator.  Lien Dang died on February 8, 2021.  On February 20, 2021, David Ritter represented to Falcon that he was Dang's common-law spouse.[2]  Ritter advised Affordable Burial and Falcon that Dang had left directions in writing for the disposition of her remains.  Ritter presented to Affordable Burial and Falcon a document dated November 8, 2020, titled "Burial and Funeral Instructions and Appointment for Disposition of Remains" that included Dang's notarized signature.  The document stated:  "I designate David Ritter to have sole authority to be in charge of and make all decisions regarding my funeral arrangements and burial."  In reliance on the document and Ritter's representations, Affordable Burial and Falcon followed Ritter's instruction regarding the disposition of Dang's remains.

On February 21, 2021, at Ritter's direction, Affordable Burial and Falcon embalmed Dang's remains and prepared them for entombment.  Ritter authorized charges of $5,578 for services related to the disposition of Dang's remains and, on February 24, 2021, signed an Authorization for Funeral Ceremonies with Embalmed Remains in Private Residence.  Affordable Burial transported Dang's remains to Ritter's residence and, later, transported the remains back to Affordable Burial.  On March 19, 2021, Affordable Burial oversaw the entombment of Dang's remains at Onion Creek Memorial Park at Ritter's direction.

---

[1] The background facts are derived from the pleadings and summary-judgment evidence presented to the trial court and, unless otherwise indicated, are undisputed.

[2] Ritter and Dang had been in a relationship for approximately ten years when she died.

2

In September 2021, the Dang Relatives sued Affordable Burial and Falcon, alleging that Ritter had submitted "faulty" paperwork to Affordable Burial and Falcon regarding his authority to direct disposition of Dang's remains. The Dang Relatives also alleged that Affordable Burial and Falcon were on "notice that there was an active dispute between Ritter and the entire family of Lien Dang concerning right to disposition." The Dang Relatives alleged that, nevertheless, Affordable Burial and Falcon embalmed Dang's remains without authority and buried Dang without the family being present, causing them to suffer extreme mental anguish. The Dang Relatives asserted causes of action for negligence and gross negligence and sought damages to compensate them for mental anguish, past and future medical care, lost wages, lost earning capacity, and sought exemplary damages.

Affordable Burial and Falcon moved for summary judgment relying on section 711.002(i) of the Texas Health and Safety Code. Affordable Burial and Falcon argued that they were protected from liability because they disposed of Dang's remains at Ritter's direction and because Ritter had represented to them that he was entitled to control the disposition of Dang's remains because he was a "person designated in a written instrument signed by the decedent." *See* Tex. Health & Safety Code § 711.002(a) (providing that person designated in written instrument signed by decedent has highest priority right to control disposition of decedent's remains); (i) (providing that funeral establishment and funeral director or embalmer "shall not be liable for carrying out . . . the directions of any person who represents that the person is entitled to control the disposition of the decedent's remains"). As evidence to support the motion, Affordable Burial and Falcon attached Falcon's affidavit in which he averred that:

3

● Ritter identified himself to Falcon as Dang's common law spouse on February 20, 2021.

● Ritter advised Falcon that Dang had left directions in writing for the disposition of her remains and presented Falcon with a document dated November 8, 2021, titled "Burial and Funeral Instructions and Appointment for Disposition of Remains" with Dang's notarized signature.

● The instructions designated Ritter to have "sole authority to be in charge of and make all decisions regarding [Dang's] funeral arrangements and burial."

● Falcon and Affordable Burial relied on the document to make arrangements for Dang's remains and followed Ritter's instructions.

● Everything that Affordable Burial and Falcon did in connection with the disposition of Dang's remains was in reliance on the document authorizing Ritter to control disposition of Dang's remains and the notarized document Dang signed designating Ritter as the person with sole authority to direct the disposition of her remains.

Attached to Falcon's affidavit was a copy of the burial instructions with Dang's notarized signature. As additional evidence to support the motion for summary judgment, Affordable Burial and Falcon attached the affidavit of Ritter, who averred that he told Falcon that Dang had appointed him to have "sole authority to be in charge of and make all decisions regarding her funeral arrangements and burial." Ritter stated in his affidavit that he provided Falcon a copy of Dang's written instructions.

After a hearing, the trial court granted Affordable Burial and Falcon's motion for summary judgment, and this appeal followed.

4

**DISCUSSION**

We review the trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, a defendant must conclusively negate at least one element of each of the plaintiff's causes of action or must conclusively establish each element of an affirmative defense. *See* Tex. R. Civ. P. 166a(c); *Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350-51 (Tex. 2001); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a summary judgment, we accept as true evidence in favor of the nonmovant and indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Providence Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003).

The parties' dispute also concerns the construction of statutes, which is a question of law we review de novo. *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Of primary concern in construing a statute is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). "We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results." *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008)).

In their sole issue on appeal, the Dang Relatives assert that the trial court erred in concluding that Affordable Burial and Falcon were protected from liability under Texas Health and Safety Code section 711.002(i). They argue that Affordable Burial and Falcon should not have followed Ritter's directions because his authority to control the disposition of Dang's

5

remains "terminated by operation of law because [Ritter] failed to act within 10-days after [Dang's] death." The Dang Relatives rely on section 711.002(a-1) of the Health and Safety Code, which provides that "[i]f the person with the right to control the disposition of the decedent's remains fails to make final arrangements or appoint another person to make final arrangements for the disposition before the earlier of the 6th day after the date the person received notice of the decedent's death or the 10th day after the date the decedent died, the person is presumed to be unable or unwilling to control the disposition, and [] the person's right to control the disposition is terminated." *See* Tex. Health & Safety Code § 711.002(a-1). The Dang Relatives assert that, because Ritter did not contact Affordable Burial and Falcon until February 20th, more than 10 days after Dang's death, his right to control disposition of her remains terminated and that Affordable Burial and Falcon should have known this and refused to act at his direction.

Affordable Burial and Falcon sought summary judgment based on section 711.002(i). *Id.* § 711.002(i). Subsection 711.002(i) provides that a "funeral establishment shall not be liable for carrying out . . . the directions of any person who represents that the person is entitled to control the disposition of the decedent's remains." *Id.* § 711.002(i). The summary judgment evidence conclusively establishes that Ritter represented to Affordable Burial and Falcon that he was entitled to control the disposition of Dang's remains. Under the plain language of section 711.002, subsection (i) does not require a funeral establishment to affirmatively investigate the person's representations to confirm that the person making the representation actually has priority under subsection 711.002(a) or otherwise has the authority the person represents he has. *See Salazar v. Phillips & Luckey Co.*, No. 03-11-00441-CV; 2013 WL 4516021, at * 3 (Tex. App.—Austin Aug. 21, 2013, no pet.) (mem. op.). Nor does the

6

statute require that a funeral establishment's protection from liability depend on its having followed directions from a person with priority pursuant to section 711.002(a). Rather, the statute provides that the funeral establishment *shall not be liable* for carrying out the "directions of *any person* who represents that the person is entitled to control the disposition of the decedent's remains." *Id.* § 711.002(i) (emphasis added); *see also Carruth v. SCI Funeral Servs., Inc.*, 221 S.W.3d 134, 138 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (upholding summary judgment in favor of funeral establishment that relied on directions of person as to disposition of remains and concluding that establishment entitled to immunity under section 711.002(i)). It is undisputed that Ritter made that representation to Affordable Burial and Falcon. "Had the legislature intended to place additional requirements on funeral establishments to limit their liability as provided in subsection (i), it could have said so." *Salazar*, 2013 WL 4516021, at *3.

The Dang Relatives next assert that Affordable Burial and Falcon are not protected from liability because they were aware of a dispute between Ritter and the Dang Relatives about who had the right to control the disposition of Dang's remains. The Dang Relatives rely on Texas Health and Safety Code subsection 711.002(k), which provides that a funeral establishment "shall not be liable for refusing to accept the decedent's remains, or to inter or otherwise dispose of the decedent's remains, until it receives a court order or other suitable confirmation" that a dispute among persons concerning their right to control the disposition of the decedent's remains has been resolved. *See* Tex. Health & Safety Code § 711.002(k). The Dang Relatives argue that construing subsection (i) to provide Affordable Burial and Falcon immunity from liability when there is a dispute about who has the right to control the disposition of remains would render subsection (k) irrelevant—a construction that would constitute "an impermissible method of statutory construction." *See* Tex. Gov't Code § 311.021 ("[I]t is

7

presumed that . . . the entire statute is intended to be effective."). But subsection (i) and subsection (k) address two different circumstances. Subsection (i) shields a funeral establishment from liability when it *acts* at the direction of a person representing that he has a right to control disposition of remains. Subsection (k) shields a funeral establishment from liability for *refusing to accept* remains or *otherwise dispose* of remains until it receives a court order confirming that a dispute about who has the right to control the disposition has been resolved. Reading subsection (i) to mean what it says—i.e., that a funeral establishment shall not be liable for acting at the direction of a person who represents that he has the right to control disposition of remains—does not render subsection (k) ineffective.

Finally, the Dang Relatives argue that construing subsection (i) to protect Affordable Burial and Falcon from liability in this case would render the statute violative of the Open Courts provision and therefore unconstitutional. *See* Tex. Const. art. I, § 13. The Dang Relatives maintain that, "when faced with multiple constructions of a statute, a court must interpret the statutory language in a manner that renders it constitutional, if possible to do so." *See City of Houston v. Clark*, 197 S.W.3d 314, 320 (Tex. 2006) ("'[S]tatutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with [the constitution].'" (quoting *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex. 1990))). Our interpretation of subsection 711.002(i) here is based on the plain language of the statute, which does not admit of multiple constructions, and is consistent with this Court's precedent. And, as the Dang Relatives concede, they did not challenge the constitutionality of the statute in the trial court and, consequently, have waived their right to do so on appeal. *See S.V. v. R.V.*, 933 S.W.2d 1, 25 (Tex. 1996).

8

The Dang Relatives do not dispute Affordable Burial and Falcon's summary judgment evidence showing that Ritter represented to them that he was the person with the right to control the disposition of Dang's remains. Moreover, Ritter provided a signed, notarized document constituting Dang's written designation of Ritter as the person with sole authority to oversee and make all decisions regarding her funeral arrangements and burial. Based on this undisputed evidence and the plain language of section 711.002, we conclude that the evidence conclusively established that Affordable Burial and Falcon were acting at the direction of a "person who represented" that he was "entitled to control the disposition of the decedent's remains." *See* Tex. Health & Safety Code § 711.002(i). Thus, Affordable Burial and Falcon conclusively established that they were protected from liability by section 711.002(i). *See id.*

## CONCLUSION

We conclude that the trial court did not err in granting Affordable Burial and Falcon's motion for summary judgment; therefore, we overrule the Dang Relatives' sole appellate issue. We affirm the trial court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Theofanis

Affirmed

Filed: December 15, 2023

9