

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-25-00058-CV
_____

DARRELL RADFORD, LARRY KEITH RADFORD, CEDRIC LEON RADFORD,
AND WILBURN SHENARD RADFORD AND THE ESTATE OF
LONZELL RADFORD, Appellants

V.

TODD STANSBURY, ARDIE GOVAN, CROLEY FUNERAL HOME, INC. D/B/A CROLEY
FUNERAL HOME-GILMER, GARY JACKSON, GARY JACKSON D/B/A TURNER
BROTHERS MORTUARY, AND MURRAY FUNERAL HOMES LLC., BOREN-CONNER
FUNERAL HOME, INC. D/B/A TYLER CREMATORY, Appellees

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 574-23

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Lonzell Radford passed away at his residence on June 21, 2023, where he lived with Ardie Govan. Govan reported Lonzell's death to the Wood County Sheriff's Office (WCSO), which called Croley Funeral Home, Inc., to arrange for the removal of Lonzell's body. Croley Funeral Home transferred Lonzell's body to Turner Brothers Mortuary, which released the body to Tyler Crematory for cremation. When Lonzell's adult sons, Darrell Radford, Larry Keith Radford, Cedric Leon Radford, and Wilburn Shenard Radford,[1] discovered on September 15, 2023, that their father had passed away and that his body had been cremated without their knowledge, they, along with Lonzell's estate (collectively the Radfords), sued Croley Funeral Home, Inc. d/b/a Croley Funeral Home-Gilmer; Croley's director, Todd Stansbury; Murray Funeral Homes LLC.; and Boren-Conner Funeral Home, Inc. d/b/a Tyler Crematory (collectively Appellees) for wrongful cremation, among other things.[2]

The Appellees filed traditional and no-evidence motions for summary judgment arguing, in part, that they were statutorily immune from suit. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.002 (Supp.), § 716.203. The trial court granted the Appellees' summary judgment motions and dismissed the Radfords' claims against them. The Radfords appeal. Because we find the

---

[1]Wilburn passed away during the pendency of the proceedings, and Laqundria Radford was substituted as a party in his place.

[2]The Radfords also sued Ardie Govan, Gary Jackson, and Gary Jackson d/b/a Turner Brothers Mortuary, but later nonsuited their claims against them.

trial court's statutory immunity ruling proper and dispositive of this appeal,[3] we affirm the trial court's take-nothing summary judgment against the Radfords.

## I.      Standard of Review

"A party that moves for traditional summary judgment must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022) (citing TEX. R. CIV. P. 166a(c)).  Our review of a summary judgment "is de novo, and we view the evidence in the light most favorable to the nonmovants by indulging every reasonable inference and resolving any doubts in their favor." *City of Houston v. Rodriguez*, 704 S.W.3d 462, 470 (Tex. 2024).

"Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *Coniglio v. Woods*, 693 S.W.3d 44, 50 (Tex. App.—Texarkana 2022, pet. denied) (quoting *Polecat Hill, LLC v. City of Longview*, 648 S.W.3d 315, 330 (Tex. App.—Texarkana 2021, no pet.) (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996))).  "The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence." *Id.* (quoting *Delta Cnty. Appraisal Dist. v. PPF Gin & Warehouse, LLC*, 632 S.W.3d 637, 641 (Tex. App.—Texarkana 2021, pet. denied)).

## II.     Appellees Are Statutorily Immune from Suit as a Matter of Law

The summary judgment evidence established that, after the WCSO asked Croley Funeral Home, Inc., and Stansbury (collectively Croley) to remove Lonzell's body from his home,

---

[3]As a result of our finding on statutory immunity, we need not address the Radfords' point of error arguing that the trial court should have denied the no-evidence motions for summary judgment.

3

Croley accepted the body for refrigerated storage. The WCSO represented that Govan was Lonzell's "fiancé[e] and contact person." According to Croley, Govan "presented herself as the fiancé[e]" and told Croley that Lonzell had four adult sons for whom she had no contact information. On discovering that, Croley explained that it would not do anything without Lonzell's children's permission and that they were responsible for Croley's arrangements.

The law is clear that a cremation cannot occur without a "cremation authorization form signed by an authorizing agent." TEX. HEALTH & SAFETY CODE ANN. § 716.051(1). Even so, it is undisputed that, on July 12, 2023, Govan signed an authorization for cremation and disposition by Turner Brothers Mortuary and described her relationship to Lonzell as "FRIEND/EXECUTOR." *See* TEX. HEALTH & SAFETY CODE ANN. § 716.052. By signing the form, Govan "certif[ied], warrant[ed], and represent[ed]" that she had "the full legal right to authorize the cremation, processing[,] and disposition" of Lonzell's body and remains. Govan also agreed to the following provision:

> If another person has an equal priority right to authorize cremation, the authorizing agent has made all reasonable efforts but failed to contact that person and believes the person would not object to the cremation and agrees to indemnify and hold harmless the funeral establishment and the crematory establishment for any liability arising from performing the cremation without the person's authorization.

As a result, the State of Texas issued a Burial-Transit Permit authorizing the transfer of Lonzell's body to Tyler Crematory. On July 14, Gary Jackson d/b/a Turner Brothers Mortuary contacted Croley to inform them that Jackson was to take charge of Lonzell's body and his arrangements.

In their lawsuit, the Radfords alleged that Croley "failed to conduct a reasonable investigation to identify or locate [Lonzell's] heirs" before permitting his transfer and cremation

4

"based solely on paperwork signed by Ardie Govan, who lacked any legal authority to authorize the disposition of [Lonzell's] body."[4] Croley and Tyler Crematory argued that their actions were authorized by the Texas Health and Safety Code.

Section 711.002(i) expressly states,

> A cemetery organization, a business operating a crematory or columbarium or both, a funeral director or an embalmer, or a funeral establishment shall not be liable for carrying out the written directions of a decedent or the directions of any person who represents that the person is entitled to control the disposition of the decedent's remains.

TEX. HEALTH & SAFETY CODE ANN. § 711.002(i). This section protects crematories, funeral homes, and their directors "from liability when they carry out the instructions of" a person like Govan, who represented that she had the authority to control the disposition of Lonzell's remains. *See Carruth v. SCI Tex. Funeral Servs., Inc.*, 221 S.W.3d 134, 137 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing TEX. HEALTH & SAFETY CODE ANN. § 711.002(i)). Also, "[a] crematory establishment, funeral establishment, funeral director, cemetery, or other person that contracts to provide for a cremation, accepts human remains, cremates human remains, or releases or disposes of the cremated remains as provided on a cremation authorization form is not criminally or civilly liable for performing the actions authorized." TEX. HEALTH & SAFETY CODE ANN. § 716.203(a). Further, "[a] crematory establishment, funeral establishment, funeral director, cemetery, or other person is not liable in a civil action for representations made by the authorizing agent or the agent's representative in the cremation

---

[4]Against Croley and Tyler Crematory, the Radfords asserted causes of action for Deceptive Trade Practices, negligence, negligent misrepresentation, gross negligence, fraud, fraud by nondisclosure, fraudulent concealment, conspiracy, conversion, and negligent and intentional infliction of emotional distress and asserted a violation of Chapters 711 and 716 of the Texas Health and Safety Code.

authorization form." TEX. HEALTH & SAFETY CODE ANN. § 716.203(d).

Even when faced with this statutory language, the Radfords argue that "funeral homes and directors have a duty to ensure that the person directing the disposition of a decedent's remains has legal authority to do so." Texas courts have found otherwise. "Under the plain language of section 711.002, subsection (i) does not require a funeral establishment to affirmatively investigate the person's representations to confirm that the person making the representation actually has priority under subsection 711.002(a) or otherwise has the authority the person represents he has." *Tran v. Affordable Burial and Cremation Servs., LLC*, No. 03-22-00406-CV, 2023 WL 8655277, at *3 (Tex. App.—Austin Dec. 15, 2023, pet. denied) (mem. op.) (citing *Salazar v. Phillips & Luckey Co.*, No. 03-11-00441-CV, 2013 WL 4516021, at *3 (Tex. App.—Austin Aug. 21, 2013, no pet.) (mem. op.) ("[S]ection 711.002, subsection (i) does not require a funeral establishment to affirmatively investigate the person's representations to it, such as to make sure the person with priority under subsection (a) has consented to the arrangement or to confirm that the person directing the establishment actually has priority under subsection (a) . . . .")). "Nor does the statute require that a funeral establishment's protection from liability depend on its having followed directions from a person with priority pursuant to section 711.002(a)." *Id.* "Rather, the statute provides that the funeral establishment *shall not be liable* for carrying out the 'directions of *any person* who represents that the person is entitled to control the disposition of the decedent's remains.'" *Id.* (quoting TEX. HEALTH & SAFETY CODE ANN. § 711.002(i)) (citing *Carruth*, 221 S.W.3d at 138).

By signing a cremation authorization form, Govan represented that she had the authority

6

to make arrangements for Lonzell's body. Further, it is undisputed that Croley and Tyler Crematory acted pursuant to the cremation authorization form signed by Govan. Therefore, "[u]nder the plain language of section 711.002(i) [Croley and Tyler Crematory] proved as a matter of law that [they were] entitled to statutory immunity when [they] subsequently carried out the cremation based on that representation," and the Radfords introduced no evidence suggesting otherwise. *Bonnen v. Serv. Corp. Int'l*, No. 14-24-00389-CV, 2025 WL 2215914, at *3 (Tex. App.—Houston [14th Dist.] Aug. 5, 2025, pet. filed) (mem. op.) (citing *Tran*, 2023 WL 8655277, at *4 ("concluding funeral establishment established as a matter of law that it was protected from liability by [Section 711.002(i)] because the evidence conclusively proved [it was] acting at the direction of a person who represented [s]he was [a common law spouse] entitled to control the disposition of the decedent's remains")); *see Salazar*, 2013 WL 4516021, at *3. Consequently, we overrule the Radfords' first point of error, which we find dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

## III. Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted: November 17, 2025
Date Decided: November 25, 2025

7